UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DirecTV, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>TIM FERGUSON, KEVIN HINZ, SHAWN W. MEYER, TOM NASTOVSKI, MARC OBREGON, DAVID A. ROSS, LES SMITH, CYNTHIA C. STOCKRAHM, ROBERT A. WELCH, JR., ROGER N. WESTFALL, and JOHN DOES 1 THROUGH 10,<br><br>Defendants. | No. 1:03 CV 164<br><br>DEFENDANT LES SMITH'S MOTION FOR SUMMARY JUDGMENT |

**REPLY TO OPPOSITION FOR MOTION FOR SUMMARY JUDGMENT**

Defendants, Les Smith, ("Smith") hereby submits this Reply to DirecTV's consolidated opposition to motion for summary judgment.

The Court is respectfully requested to first focus on Exhibit 11, an affidavit of former DirecTV Senior Investigator John Fisher. Mr. Fisher confirms that DirecTV's campaign is "an elaborate extortion racket" characterized by "letters that are full of lies or misrepresentations," and "a cynical willingness to abuse the court system by filing some frivolous lawsuits and thereafter bullying 'little people' into settlements."

**I. SUMMARY**

Despite the bulk of DirecTV's Opposition to Summary Judgment, DirecTV is unable to make the critical factual allegations required to defeat Defendant's summary judgment motion. Although DirecTV dances around these critical facts, and asks the Court to draw numerous inferences from affidavits, the affidavits are deficient. In addition, much of the affidavits are

1

improper anyway, and are the subject of a motion to strike.  Because DirecTV is unable to provide admissible evidence of the critical elements of its claims, Defendant's motion for summary judgment must be granted on all counts.

DirecTV included an affidavit and "expert opinion" from Michael Barr of Netrino (DirecTV's consulting firm for its litigation campaign) with its response.  Even if this report were considered, (and it should not be) DirecTV's Defendant is still entitled to summary judgment.  DirecTV's "affidavit" should be disregarded as irrelevant for several reasons.  Most importantly, DirecTV's "expert" never bothered to examine <u>any</u> of the smartcard reader/writers sold by Smith.  Therefore, there is no basis for his assumption that the devices the "expert" examined were identical or even similar to the smartcard reader/writers sold by Smith.  Second, the "expert's" "conclusions" go far beyond the expert's purported field of expertise.  Other courts have already discounted "expert" reports from Netrino (DirecTV's "expert" consulting firm) for this very reason.[1]

DirecTV's complaint uses the "shotgun" approach, asserting 11 different claims, and hoping at least one of them will stick. These claims can be broken down into four categories: (a) the Federal claim under 18 USC 2512 for "possession" of devices; (b) Federal claims focused on "distribution" of devices; (c) Federal clams requiring "Interception" of DirecTV's signals; and (d) State law claims.  Each category will be addressed separately.

### The Alleged Federal Claim Involving "Possession" of Devices

---

[1] In *DirecTV v. Garnett*, Case No.: C-03-346 (SDTX 2/26/04) Exhibit A, the Court stated, "The Gatliff affidavit also contains several conclusions that appear to be beyond the scope of the affiant's expertise or the support for which is not included in the affidavit. See, e.g., page 4 ("Individuals and business involved in facilitating piracy generally…." And "Persons involved in piracy generally…") p 7 ("Developers of legitimate products . . . would not purchase preflashed chips at their higher prices."); p 9 ("The White Viper reader/writer was itself marketed for the purpose of circumventing DIRECTV's … access controls."). *Id,* at p. 11, n. 5.

2

- Claim 6 (18 USC 2512(1)(b) – "mere possession")  This claim fails because, as a matter of law, DirecTV is not entitled to assert a private cause of action under this section because "mere possession" is not actionable by DirecTV.  This is a simple matter of law; unless DirecTV proves "interception" (as discussed below) DirecTV has no standing..  This Court has already decided this issue adversely to Plaintiff DirecTV by Judge Sharp's ruling of April 16 in <u>DirecTV v. Hower</u>,  Case 3:03-cv-808-AS (ND IN 2004).  Regardless, the devices in this case are not "illegal" as noted below, so summary judgment on Claim 6 must be granted.

## Federal Claims Involving "Interception" of Devices

Claims 1, 3 and 5[2] of DirecTV's complaint require that it prove "Interception." Defendant's affidavit establishes that no interception occurred. (Smith Aff. ¶ 2, 4, 5).  DirecTV admits that a DirecTV System is required to Intercept (Opposition, p. 15).  It is undisputed that Defendant never had a DirecTV system, so DirecTV's own admissions corroborate Defendant's affidavit. DirecTV's only argument about interception is its (baseless) allegation that the device can only be used to intercept, so "Why else would such a device be purchased . . . if not to use it for its intended purpose?"  (Opposition, p. 14-15)  However, DirecTV improperly tries to convert a "possession" claim into an "interception" claim, and DirecTV has no "possession" claim, as noted above.

---

[2] Claim 1 (47 USC 605(a)), Claim 3 (17 USC 1201(a), and Claim 5 (18 USC 2511(a)(1).

The doctrine of collateral estoppel also defeats DirecTV's "Interception" claim.[3] Specifically, in many other DirecTV cases, unrebutted testimony that a defendant did not have the required DirecTV equipment to intercept at the same time that the alleged smart card devices were ordered has been found insufficient to create a material issue of fact on the issue of interception.[4]  Accordingly, it is unnecessary to re-litigate the issue of whether DirecTV's so-called circumstantial evidence rises to the threshold of creating a genuine issue of material. Other Courts have already repeatedly found that DirecTV's "circumstantial" evidence is insufficient.

## Federal Claims Involving "Distribution" of Devices

---

[3] Under general principles of "collateral estoppel" or "issue preclusion," when the issue has been actually decided in a prior adjudication, and a determination of the issue was necessary to the decision, the party who had a full and fair opportunity to litigate the issue will be foreclosed in subsequent litigation from advocating a position on the issue inconsistent with prior decision.  U.S. v. Wyatt, 102 F.3d 241 (7th Cir. 1996), cert. denied  117 S.Ct. 1325, 520 U.S. 1149, 137 L.Ed.2d 486.  When used "defensively", collateral estoppel forecloses a plaintiff from asserting a claim that plaintiff had previously litigated and lost against another defendant.  Wolverine Mut. Ins. v. Vance Ex rel Tinsley, 325 F.3d 939, 943 (7th Cir. 2003).

Regardless of whether state or federal law controls in determining whether collateral estoppel applies, defensive collateral estoppel is available to Defendant to estop DirecTV from relitigating issues already determined by prior summary judgment motions.  Indiana no longer requires mutuality of estoppel and identity of parties in the defensive use of collateral estoppel.  Sullivan v. American Casualty Co., 605 N.E.2d 134, 137-38 (Ind. 1992).  In determining whether defensive use of collateral estoppel is appropriate, the Court must consider whether the party against whom the prior judgment is pled had a full and fair opportunity to litigate the issue and whether it would be otherwise unfair under the circumstances to permit use of collateral estoppel.  Hendrickson v. Alcoa Fuels, Inc., 735 N.E.2d 804, 812 (Ind. App. 2000); Connecticut Indem. Co., v. Bowman, 652 N.E.2d 880 (Ind. App. 1995).  See also Annotation, Mutuality of Estoppel as Prerequisite of Availability of Doctrine of Collateral Estoppel to a Stranger to the Judgment, 31 A.L.R.3d 1044 (1970 & Supp. 2003).  In the Seventh Circuit, when used defensively, mutuality of estoppel is not required.  Capital Inv., Inc. v. Bank of Sturgeon Bay, 430 F. Supp. 534, 539 (E.D. Wis. 1977), aff'd 577 F.2d 745 (7th Cir. 1978);  Federal Sav. & Loan Ins. Co., v. Hogan 476 F.2d 1182, 1187 (7th Cir. 1973). Technograph Printed Circuits, Ltd., v. Packard Bell Electronics, Corp., 290 F.Supp. 308, 319 (C.D. Cal. 1968).

[4]Many other courts have held that if DirecTV can not show that a Defendant possessed DirecTV equipment, that the Defendant is entitled to summary judgment. See, *DirecTV v. Harnatkiewicz*, Case No. 02-3198-18 (CDSC 8/19/03), *DirecTV v. Bush,* Case No.: H-03-1765 (SDTX 10/27/03) (all in Exhibit 7).  See Also, *DirecTV v. Maxted*, Case No.: 1:02-3192-18 (SC 7/22/03), *DirecTV v. Stewart,* Case No.: 3:02-3195-18 (SC 7/22/03), *DirecTV v. McKay*, Case No.: 3:02-3195-18 (SC 8/18/03), DirecTV v. Hodge, Case No.: 2:02-3041-18 (SC 8/18/03), *DirecTV v. Fisher,* Case No.: 6:02-3197-18  (SC 8/18/03).  Indeed, even if a defendant possessed a smartcard device but did not intercept DirecTV signals, summary judgment is proper.  *DirecTV v. Garnett,* Case No.: C-03-346 (SDTX 2/26/04), *DirecTV v. McFadden*, Case No.: 1:02-cv-924 (WDMI 10/22/03)  (All in Exhibit 7)

Because DirecTV lacks any evidence of interception, one of its fall-back arguments is that the smart card technology sold by Smith (a "Viper Reader/Writer") is "illegal" to distribute. While it is agreed that Smith ran an electronics distribution business that sold electronic devices, including smart card devices, DirecTV's argument fails for several reasons.

- <u>DirecTV Has Admitted that the device is not Illegal.</u>  Exhibit 11 is a declaration from a former "senior investigator" of DirecTV, John Fisher.  Fisher's job was to process phone calls from persons that received a form letter from DirecTV because they were on a DirecTV mailing list acquired by DirecTV, and get money from them.  Fisher admits that DirecTV knew that the White Viper device was not illegal, and that the same devices are generally available from other sources.  However DirecTV pursued persons only because they had made a purchase from "White Viper." (Fisher Aff. ¶ 27)  Moreover, John Green, DirecTV's attorney, even recommended to his superiors that 'DIRECT should not be going after purchasers of programmers," but "that legal advice was rejected." (Fisher Aff. ¶ 29)[5]  In summary, when DirecTV selected persons to go after "it was not so much <u>what</u> the end user bought but <u>from whom</u> they purchased it (i.e. companies like White Viper)." (Fisher Aff. ¶ 27).  Indeed, DirecTV admits that it knew that some "of the people we go after are innocent, but so be it." (Fisher Aff. ¶ 28).  Moreover, Fisher, a former police investigator, testifies that "the police departments, employees would be evaluated based upon closing cases including by exonerating a suspect or finding charges to be baseless.  At DIRECTV, the only consideration was how much money was being extracted from the end users."   These totals were displayed on a "tote board" in the

---

[5] There were other completely legal devices that DirecTV has pursued persons for purchasing, even a "plastic pouch." (Fisher Affid. ¶ 24-26).

5

common area used by investigators that graphically depicted the money obtained by settlements." (Fisher Aff. ¶ 32).

- Collateral Estoppel  The device is simply not illegal.  In DirecTV's Stipulation of Dismissal in <u>DirecTV v. Rochette</u> (Ex. 6 to Defendant's Memo), **DirecTV "concedes and admits that . . . the device purchased by Defendant (i.e. White Viper Reader/Writer) was 'a generic ISO 7816 card reader' and that the device 'is used to read, write, and modify ISO 7816 cards."**  Not only did DirecTV concede this, but **the Court has since held "Plaintiff [DirecTV] had no basis to claim that the device at issue in this case was primarily designed for the purpose of altering DIRECTV access cards."[6]**  Now, DirecTV, through its $350.00 / hr. "expert," now takes a contrary position.  However, the doctrine of collateral estoppel makes DirecTV's admission, and the Court's holding, binding in this case.  DirecTV's can not "buy" itself out of this issue by tendering the testimony of an expert witness.

- DirecTV is Not "Aggrieved"  DirecTV lacks standing, because it has offered <u>no</u> evidence that Smith or any of Smith's customers ever intercepted DirecTV's signal.  Even if it were assumed that a Reader/Writer were "illegal" (and it is not), DirecTV has not been harmed, or "aggrieved."  Under DirecTV's logic, if someone distributes an illegal device, the person would be liable to anyone and everyone; DirecTV, DISH Network, CBS, Sony, and the person's next door neighbor.  This would be an absurd result.  As noted in Defendant's Memorandum, in the absence of interception (or DirecTV being a

---

[6] *DirecTV v. Rochette*, Case No.: 1:03cv165 (WDMI 4/14/04) at p. 4.  (Exhibit 8)  Indeed, in the *Rochette* Order, **the Court invited the parties to submit additional briefing on the issue of whether DirecTV should be sanctioned** for forcing the defendant to file a motion for summary judgment, instead of simply dismissing the case because DirecTV "should have been aware that it had insufficient evidence to support its case without prompting from Defendant's motion."

6

manufacturer of equipment, which it is not) DirecTV is not "aggrieved" by persons merely selling equipment.

### State Law Claims

- Claim 7 (Unjust Enrichment). Smith argues that there is no "unjust enrichment" because he never "intercepted." DirecTV makes two arguments in response. First, it argues that Smith did intercept. As noted above, this allegation is false. DirecTV also argues that Smith benefited by realizing a profit from his sales of smart card technology. However, there is nothing "unjust" about selling products for a profit, this is the foundation of our economy. Any profit was not "unjust," and DirecTV has not offered a scintilla of evidence that it has been damaged in any way. Finally, DirecTV argues that Smith's customers "siphoned off what otherwise would have been legitimate payment from [Smith's] customers to DIRECTV for programming." However, DirecTV has tendered absolutely no evidence that any of Smith's customers ever intercepted or would have subscribed to DirecTV but for their purchases from Smith. DirecTV's unjust enrichment claim completely fails.

- Claim 8 (Tortuous Interference with Contractual Relations) requires "Damages resulting from *Defendant's wrongful intentional inducement of breach*." This claim fails because Defendant never "induced" anyone to "breach" a "contract" with DirecTV (Smith Aff. ¶ 7) DirecTV's response is that because it is possible such devices might have been used by Smith's customers to construct a system to intercept DirecTV signals, that Smith "induced" DIRECTV customers to breach their contracts with DIRECTV." However, DirecTV simply offer *no* evidence of such "inducement," so this claim fails.

- Claim 9 (Tortuous Interference With Prospective Contractual Relations) This claim fails because there is no such cause of action in Indiana. DirecTV speculates that such a claim

7

exists under Indiana law.  Regardless of this theory, DirecTV totally fails to identify even a single customer of Smith that would have entered into a contract with DirecTV but for the customer's purchase of smart card technology.  Of course, DirecTV also offers no evidence that any customer of Smith ever constructed a system capable of interception, or ever intercepted DirecTV's signal.  Therefore, Smith is entitled to summary judgment on this Count.

- Claim 10 (Unfair Competition) fails because Defendant has never competed with DirecTV for anything, or sold any devices that compete with DirecTV. In response, DirecTV argues that by selling smart card technology that was "emulating DIRECTV equipment and technology".  This is absurd.  Smart card technology does not "emulate" DirecTV technology.  Indeed, even DirecTV admits that to intercept its signal, a person would need a DirecTV receiver (or "IRD").  Thus, there would be no "competition" because any interceptor would have already purchased a DirecTV receiver anyway.  This claim fails.

- Claim 11 (IC 35-43-5-6.5) applies only to devices for "a transmission by a *cable* television system," but DirecTV is merely a "direct-to-home *satellite* service provider" (Complaint)[7].  DirecTV responded by citing a Federal case interpreting the word "cable" under a *federal* statute.  This is irrelevant, as interpretation of a federal statute has nothing to do with the Indiana statute DirecTV asserts in claim.

## Summary

Because there are no genuine issues of material fact, Defendant is entitled to summary judgment on all counts.

Respectfully submitted,

---

[7] ¶ 2:"DirecTV, Inc. is the nation's leading direct broadcast satellite system;" ¶ 2: "DirecTV has invested billions of dollars to develop the United States' first high-poser, direct broadcast satellite system.  DirecTV delivers hundreds of channels . . . [via] a small satellite dish. . . DirecTV's satellite television programming currently includes .. . ."

                             s/Paul Overhauser
                             Paul B. Overhauser
                             OVERHAUSER LAW OFFICES, LLC
                             479 Sycamore Ct.
                             Greenfield, IN 46140
                             (317) 326-8800
                             (866) 283-8549 (fax)
                             Attorney for Defendant Les Smith

Exhibits
      7      Orders granting summary judgment against DirecTV in:
                *DirecTV v. Garnett,* Case No.: C-03-346 (SDTX 2/26/04)
                *DirecTV v. Bush,* Case No.: H-03-1765 (SDTX 10/27/03)
                *DirecTV v. McFadden*, Case No.: 1:02-cv-924 (WDMI 10/22/03)
                *DirecTV v. Harnatkiewicz*, Case No. 02-3198-18 (CDSC 8/19/03)
      8      Order granting summary judgment against DirecTV in *DirecTV v. Rochette*, Case No.: 1:03cv165 (WDMI 4/14/04)
      9      Order granting summary judgment against DirecTV in *DirecTV v. Mosier*, Case No. 1:03-cv-307 (EDTX 4/19/04)
     10     Declaration of Paul Overhauser, Including:
                A - Fujitsu / Siemens Marketing Brochure
                B - Hitachi Marketing Brochure
                C – Amazon.com Marketing Brochure
     11     Declaration of John Fisher

(Note- previously submitted Exhibits are as follows)
1. Deposition of Lester Gabriel Smith
2. Affidavit of Lester Gabriel Smith
3. DirecTV's Responses to Smith's First Set of Discovery to DirecTV (Interrog. 3)
4. Deposition of Larry Rissler (DirecTV Vice President of "Signal Integrity") Excerpts April 23, 2003 pp. 9-17)
5. Declaration of Kevin Izadshenas Excerpts p. 5 ¶13
6. Stipulation of Dismissal in <u>DirecTV v. Rochette</u>, 1:03CV065 WDMI 12/17/03.

CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing is being filed electronically, and notice hereof will automatically be sent to all counsel of record that participate in electronic filing, by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.  In addition, if any attorneys are not participating in electronic filing, they have been mailed via first class mail postage notice hereof on the date this document is being electronically filed.

Nick J Thiros
Cohen and Thiros
200 E 90th Drive
Merrillville, IN 46410-7089

David A Ross
9917 East 00 North South
Greentown, IN 46936

David W Albert
514 S Francis
South Bend, IN 46617

Samuel L Bolinger
Suite 300
126 W Columbia Street
Fort Wayne, IN 46802

            _s/Paul Overhauser_____
            Paul B. Overhauser